**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Jonathan Pelloth,** | **Civil Action No.: _____** |
| **Plaintiff,** | |
| **v.** | |
| | **COMPLAINT** |
| **Professional Debt Mediation, Inc.; and DOES 1-10, inclusive,** | |
| | **September 23, 2011** |
| **Defendants.** | |

For this Complaint, the Plaintiff, Jonathan Pelloth, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Jonathan Pelloth ("Plaintiff"), is an adult individual residing in Thompson, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Professional Debt Mediation ("Professional"), is a Florida business entity with an address of 7948 Baymeadows Way # 2, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Professional and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Professional at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $1,500.00 (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Professional for collection, or Professional was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Professional Engages in Harassment and Abusive Tactics**

12.    On September 16, 2011 Defendants called Plaintiff's wife at her work phone line in an attempt to collect the Debt.

13.    Defendants misled Plaintiff's wife into believing that the call was from a debt mediation company.

14.    Plaintiff returned Defendants' and was informed by Phillip Gordon, a representative of Defendants, that Defendants would transfer the Debt to a "debt collection agency" if Plaintiff failed to provide his checking account number by 4:30pm.

15.    Defendants demanded that Plaintiff provide Defendants with a post-dated check dated by September 23, 2011.

16.    Defendants failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

17.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.    The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21.    The Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

22.    The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair or unconscionable means to collect any debt.

23.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

25.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

26.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

27.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that

4

Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.


## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

33.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:**

1. **Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;**

2. **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;**

3. **Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;**

4. **Actual damages pursuant to Conn. Gen. Stat. § 42-110g;**

5. **Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;**

6. **Punitive damages; and**

7. **Such other and further relief as may be just and proper.**

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 26, 2011

**Respectfully submitted,**

**By   /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG & ASSOCIATES L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**

6

**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**